## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN THE MATTER OF I.L., ) | | |
| a minor student, by and through her parent, ) | | |
| D.T., and D.T., individually, ) | | |
| ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| v. ) | NO. 3:15-CV-00558 | |
| ) | REEVES/GUYTON | |
| KNOX COUNTY BOARD OF ) | | |
| EDUCATION AND KNOX COUNTY; ) | | |
| KELTON SWEET, individually, ) | | |
| CLOVIS STAIR, individually, and ) | | |
| ROBBIE NORMAN, individually, ) | | |
| and TENNESSEE DEPARTMENT OF ) | | |
| EDUCATION, ) | | |
| ) | | |
|     Defendants, ) | | |
| ) | | |
| and ) | | |
| ) | | |
| KNOX COUNTY BOARD OF ) | | |
| EDUCATION, ) | | |
| ) | | |
|     Counter-Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| I.L., by and through her parent, ) | | |
| DONNA TAYLOR, and ) | | |
| DONNA TAYLOR, individually, ) | | |
| ) | | |
|     Counter-Defendants. ) | | |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Knox County Board of Education, Knox County, Tennessee, Dr. Clovis Stair, Mr. Kelton Sweet and Principal Robbie Norman answer Plaintiffs' Second Amended Complaint as follows:

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 do not require an answer from these Defendants.

3. The allegations of Paragraph 3 do not require an answer from these Defendants.

4. Knox County, Tennessee admits that it is a governmental subdivision of the State of Tennessee. It is admitted that the Knox County Board of Education operates the Knox County School system ("KCS") pursuant to the Knox County Charter. (When used hereafter, KCS applies to Knox County, Knox County Schools and Knox County Board of Education "KCBE.") KCS admits that it receives federal funds for its education programs and is obligated to comply with the mandates of federal and State laws governing the provision of special education and related services to students with disabilities.

5. The allegations of Paragraph 5 are admitted.

6. It is admitted that jurisdiction is proper.

7. It is admitted that venue is proper.

8. It is admitted that I.L. is a child with an educational disability. It is further admitted that I.L. is eligible under the IDEA and had an IEP. It is denied that I.L. was ten years old at all times relevant to this action.

9. KCBE and KCS admit that I.L. is an "individual with a disability" as defined by the IDEA, Section 504, and Title II of the ADA.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Paragraph 11 are denied.

12. The allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are denied.

14. The allegations of Paragraph 14 are denied.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 do not require a response from Defendants.

17. The allegations of Paragraph 17 do not require a response from Defendants.

18. The allegations of Paragraph 18 do not require a response from Defendants.

19. The allegations of Paragraph 19 are denied.

20. It is admitted that the ALJ determined KCS to be the prevailing party of the first due process. All other allegations are denied.

21. The allegations in Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 are denied.

24. The allegations of Paragraph 24 are denied.

25. The allegations of Paragraph 25 are denied.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30. The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. The allegation of Paragraph 32 is admitted.

33. These Defendants are without knowledge to admit or deny the truth of the allegations in Paragraph 33.

34. Defendants deny that I.L. was isolated without access to education. It is admitted that during the first 4 days of school, I.L. was removed from her classroom 21 times due to

her maladaptive behavior in order to maintain a safe educational environment for all students. It is admitted that during times of removal, I.L. would hit, kick, bite or strike at KCS staff. In an attempt to avoid having to physically restrain I.L. and to prevent injury to her and school staff, school staff used a thin blue gym mat to cushion I.L.'s blows. It is denied that this was used 21 times. All other allegations are denied.

35. The allegations in Paragraph 35 are partially denied. Defendants deny that D.T. was unaware that I.L. was placed in time out and frequently had to be removed from her class due to disruptive and physically aggressive behaviors. Defendants admit that D.T. was not informed by KCS that the blue mat was being used as described above until the IEP meeting of August 18, 2015.

36. Defendants admit that Kelton Sweet recommended the use of the gym mat in an effort to avoid having to physically restrain I.L. and to prevent injury to herself or school staff and to cushion I.L.'s blows during time out. The gym mat was either held by staffers or placed standing on its side between staff and I.L. The gym mat is approximately one and one-half inches thick. All other allegations are denied.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39. Defendants assert that I.L. was not isolated or restrained in violation of the Special Education Behavioral Supports Act.

40. Paragraph 40 does not require an answer from these Defendants.

41. Paragraph 41 does not require an answer from these Defendants. To the extent that an answer is required, KCS denies any violation of the IDEA, ADA or Section 504.

42. Paragraph 42 does not require an answer from these Defendants.

4

43. Paragraph 43 does not require an answer from these Defendants.

44. Paragraph 44 does not require an answer from these Defendants.

45. Paragraph 45 does not require an answer from these Defendants.

46. Paragraph 46 does not require an answer from these Defendants.

47. Paragraph 47 does not require an answer from these Defendants.

48. Paragraph 48 does not require an answer from these Defendants.

49. Paragraph 49 does not require an answer from these Defendants.

50. Paragraph 50 does not require an answer from these Defendants. To the extent an answer is required, it is admitted that KCS issued a PWN documenting KCS' recommendation that I.L. receive four hours per day of direct special education services to address her academic, social, communicative, occupational and adaptive skill deficits.

51. Paragraph 51 does not require an answer from these Defendants.

52. Paragraph 52 does not require an answer from these Defendants. To the extent an answer is required, it is admitted that Due Process hearing was filed. All other allegations are denied.

53. It is admitted that Knox County has a Law Director's Office that addresses legal matters for the County. All other allegations are denied.

54. The allegations of Paragraph 54 are denied.

55. It is admitted that these Defendants have no control over the Complaint Resolution Procedure administered by the TDOE.

56. These Defendants are currently without knowledge or information sufficient to admit or deny the number of restraints reported by the various school systems listed. All other allegations are denied.

57. Paragraph 57 does not require an answer from these Defendants.

58. The Special Education Behavioral Supports Act speaks for itself. Any allegation that KCS or individual Defendants violated said Act is denied.

59. The allegations in Paragraph 59 are statements or interpretations of law, not fact, and do not require a response.

60. The allegations in Paragraph 60 are statements or interpretations of law, not fact, and do not require a response.

61. The allegations in Paragraph 61 are statements or interpretations of law, not fact, and do not require a response.

62. The allegations in Paragraph 62 are statements or interpretations of law, not fact, and/or do not require a response from these Defendants.

63. The allegations in Paragraph 63 are statements or interpretations of law, not fact, and/or do not require a response from these Defendants.

64. The allegations in Paragraph 64 are statements or interpretations of law, not fact, and/or do not require a response from these Defendants.

65. The allegations in Paragraph 65 are statements or interpretations of law, not fact, and/or do not require a response from these Defendants.

66. Paragraph 66 does not require an answer from these Defendants.

67. Paragraph 67 does not require an answer from these Defendants. To the extent an answer is required, the allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied.

69. Paragraph 69 does not require an answer from these Defendants. To the extent an answer is required, the allegations of Paragraph 69 are denied.

70. The allegations of Paragraph 70 are denied.

71. The allegations of Paragraph 71 are denied. It is admitted that KCS is appealing the ALJ's decision in the second Due Process case.

72. Paragraph 72 does not require an answer from these Defendants. To the extent an answer is required, the allegations of Paragraph 72 are denied.

73. Paragraph 73 does not require an answer from these Defendants. To the extent an answer is required, the allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are denied.

75. The allegations of Paragraph 75 are denied.

76. The allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are statements or interpretations of law and do not require a response.

78. The allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are denied.

80. The allegations of Paragraph 80 are denied.

81. The allegations of Paragraph 81 are denied.

82. KCS admits that it has appealed the ALJ's decision in the second Due Process hearing. KCS asserts that this appeal was filed as a matter of right, and denies that the appeal was filed for any retaliatory, hostile, or otherwise illegal purpose.

83. The allegations of Paragraph 83 are denied.

84. The forgoing responses to Paragraphs 1-83 are incorporated.

85. The allegations of Paragraph 85 are statements or interpretations of law and do not require a response.

86. The allegations of Paragraph 86 do not require a response from these Defendants.

87. The allegations of Paragraph 87 are denied.

88. The allegations of Paragraph 88 are denied.

89. The allegations of Paragraph 89 are denied.

90. The allegations of Paragraph 90 do not require a response from these Defendants as the Order of the ALJ speaks for itself and both parts of the Order are currently under appeal.

91. The allegations of Paragraph 91 are denied.

92. The allegations of Paragraph 92 are denied.

93. The allegations of Paragraph 93 are denied.

94. The allegations of Paragraph 94 are denied.

95. The allegations of Paragraph 95 are denied.

96. To the extent an answer is required, the allegations of Paragraph 96 are denied.

97. To the extent an answer is required, the allegations of Paragraph 97 are denied.

98. All other allegations, whether express or inferred, that are not admitted are hereby denied.

## **Affirmative Defenses**

1. Plaintiffs have failed to state a claim for relief.

2. It is the duty of KCS to protect its staff and its students from harm.

3. Defendants Stair, Sweet and Norman are entitled to qualified immunity.

4. The Administrative Law Judge's decision regarding the issues raised in the first Due Process complaint should be given due weight.

5. No policy or custom of KCS was the moving force behind alleged constitutional violations, if any, committed against Plaintiff.

6. Defendants were not deliberately indifferent to minor Plaintiff regarding the educational programming or its proposed educational programming and behavior intervention plan or in the use of the gym mat.

7. Defendant KCS is entitled to sovereign immunity.

8. Defendant is entitled to 11th Amendment immunity to the extent Defendant's actions are required by the State.

9. Defendants are immune pursuant to the Governmental Tort Liability Act.

10. Defendants' actions do not constitute negligence, negligence per se, or gross negligence.

11. Defendants acted reasonably when programming for and working with I.L.

12. Defendants exercised reasonable professional judgment regarding their actions.

13. Defendants Sweet, Stair and Norman were acting within the scope of their employment.

14. Pursuant to 42 USC § 1988, KCS is entitled to recover damages from Plaintiff, including but not limited to attorney's fees and costs.

15. Defendants aver that several of Plaintiffs' allegations are frivolous, unreasonable and groundless.

16. Defendants exercised good faith and/or appropriate judgment and decision-making regarding Plaintiff's educational placement and behavior strategies and plan.

17. Defendants did not harm or damage Plaintiffs in this case.

18. Plaintiffs are not entitled to relief from KCS or individual Defendants.

19. Plaintiffs' claims are barred by the appropriate statute of limitations.

20. Tennessee Department of Education also has responsibilities under IDEA for a free and appropriate public education in the least restrictive environment.

21. Tennessee Department of Education is responsible for education under the Tennessee Constitution and the Tennessee statutes.

22. Defendants are not liable to Plaintiffs for either punitive or compensatory damages.

23. Defendants did not discriminate.

24. Defendants did not retaliate.

25. Minor Plaintiff was not falsely imprisoned.

26. Defendants reserve the right to amend this answer as the litigation proceeds and as is just and may be required.

27. All claims against KCBE, KCS, and the individual defendants should be dismissed with prejudice.

Respectfully submitted.

s/Susan E. Crabtree
SUSAN E. CRABTREE (BPR# 010835)
Deputy Law Director

s/Amanda Lynn Morse
AMANDA LYNN MORSE (BPR# 32274)
Deputy Law Director

400 Main Street, Suite 612
Knoxville, TN 37902
(865) 215-2327


s/Melinda Jacobs
MELINDA JACOBS (BPR # 011835)
Law Office of Melinda Jacobs
163 Kelly Ridge Road
Townsend, TN 37882
(865) 604-6340

*Counsel for Defendants/Counter-Plaintiff*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2016, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States Mail, postage prepaid. Parties may access this filing through the Court's electronic filing system.

                                                    s/Susan E. Crabtree
                                                   SUSAN E. CRABTREE