# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE

_____

| | |
|---|---|
| **IN THE MATTER OF I.L., A minor Student,** ) | |
| **By and Through Her Parent, D.T., and D.T.,** ) | |
| **Individually** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiffs.** ) | |
| ) | |
| vs. ) | No. 3:15-cv-00558 |
| ) | |
| **KNOX COUNTY BOARD OF** ) | Judge Reeves |
| **EDUCATION, AND KNOX COUNTY;** ) | |
| ) | |
| **KELTON SWEET, individually;** ) | |
| **CLOVIS STAIR, individually; and** ) | |
| **ROBBIE NORMAN, individually.** ) | |
| ) | |
| and ) | |
| ) | |
| **TENNESSEE DEPARTMENT OF** ) | |
| **EDUCATION** ) | |
| ) | |
| **Defendants.** ) | |

_____

## AGREED PROTECTIVE ORDER
_____

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and to protect material entitled to be kept confidential, the Court enters the following Order:

The parties will follow the procedures set forth below with respect to disclosure of information from the Department of Children's Services:

1. Disclosure of any information produced by the Tennessee Department of Children's Services ("DCS") concerning their records regarding D.T. or her minor child,

I.L., is confidential under Tennessee Code Annotated § 37-1-409 and is hereby designated to be confidential subject to the provisions of this order and the following exceptions:

> (a) counsel for the parties may disclose the contents of materials produced by DCS to their clients, the associated counsel, and to such other personnel employed by the parties in the litigation of the claims in the above-styled case;
>
> (b) counsel are also authorized to interview, depose, or otherwise contact fact witnesses and/or DCS employees solely for the purposes connected with the litigation of the claims in the above-styled case, using information, including actual publication to witnesses of such information, derived in whole or in part from materials produced by DCS; and
>
> (c) employees of DCS are hereby ORDERED by the Court to respond to the parties' legitimate, procedurally authorized and legally sanctioned discovery efforts notwithstanding contrary duties arising under Tennessee Code Annotated § 37-1-409 and related statutes.

2. Any person to whom any information identified in paragraph 1 above is disclosed under the terms of this order shall be provided a copy of this order. Such persons are directed not to reveal the contents of any disclosure for any purpose other than as permitted in this order or a subsequent order of this Court.

3. The use of any information identified in paragraph 1 above for any purpose other than the preparation and trial of the above-styled case or other proceedings related to this litigation is prohibited, except as allowed by statute or modified by subsequent order of this Court.

4. In any event that documents covered by this protective order are filed with the court, such documents shall be filed under seal pursuant to Local Rule 26.2, Sealing of Court Records.

5. At the conclusion of this litigation, all DCS materials produced in this case in the possession of the parties, including, but not limited to, any and all copies or facsimiles, shall be returned to the appropriate agency.

IT IS SO ORDERED.

ENTERED this 22nd day of July, 2016.

_____
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE